IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DARLENE BROCK,

        Plaintiff,

v.

JO ANNE B. BARNHART,
Commissioner of Social Security,

        Defendant.

CV-04-6396-CO

FINDINGS AND
RECOMMENDATION

COONEY, Magistrate Judge:

## INTRODUCTION

Plaintiff brings this action for judicial review of a final decision of the Commissioner of Social Security denying her application for Supplemental Security Income benefits (SSI), under Title XVI of the Social Security Act. 42 U.S.C. § 1383(c)(3). The court has jurisdiction under 42 U.S.C. § 405(g). The Commissioner's decision should be affirmed and the case should be dismissed.

1 - FINDINGS AND RECOMMENDATION

## BACKGROUND

Plaintiff filed her application for SSI disability benefits on October 24, 2000. Tr, 17, 78, 79-81. Plaintiff originally alleged disability since January 26, 2000, based on hepatitis C and memory loss. Tr. 79, 107. In her request for reconsideration, Plaintiff also alleged "'electrifying pain', weakness, difficulty walking, anger issues", and worsening muscle pain. Tr. 18. Plaintiff's application was denied initially and upon reconsideration. Tr. 63-67, 70-72.

Plaintiff requested a hearing before an administrative law judge (ALJ). The ALJ held a hearing on March 18, 2003. Plaintiff, represented by counsel, appeared and testified at the hearing. Tr. 548-568. The hearing was continued to July 15, 2003. Plaintiff and a vocational expert both testified at the July 15, 2003 hearing. Tr. 569-618.

On March 26, 2004, the ALJ issued a decision finding plaintiff not disabled within the meaning of the Act. Tr. 17-33. The Appeals Council denied plaintiff's request for review. Tr. 7-11.

Plaintiff was 37 years old at the time of the hearing. She has a General Equivalency Diploma, two Associate of Arts degrees, and 4+ years of college. Tr. 18. She has past relevant work as an electrical assembler and a file clerk. Tr. 18-33.

## STANDARD OF REVIEW

The initial burden of proof rests upon the claimant to establish disability. Roberts v. Shalala, 66 F.3d 179, 182 (9th Cir. 1995), cert denied, 517 U.S. 1122 (1996). To meet this burden, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected...to

2 - FINDINGS AND RECOMMENDATION

last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner bears the burden of developing the record. DeLorme v. Sullivan, 924 F.2d 841, 849 (9th Cir. 1991).

The district court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id.

The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision. Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). The Commissioner's decision must be upheld, even if the evidence is susceptible to more than one rational interpretation. Andrews, 53 F.3d at 1039-40. If the evidence supports the Commissioner's conclusion, the Commissioner must be affirmed; "the court may not substitute its judgment for that of the Commissioner." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001).

## DISABILITY ANALYSIS

The Commissioner has established a five-step sequential process for determining whether a person is disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. § 416.920. Each step is potentially dispositive.

In step one, the Commissioner will find the claimant not disabled if the claimant is engaged in substantial gainful activity. Yuckert, 482 U.S. at 140; 20 C.F.R. § 416.920(b). At step one,

3 - FINDINGS AND RECOMMENDATION

the ALJ found that, although Plaintiff had worked since her alleged onset date, she had not engaged in substantial gainful activity since her alleged onset date. Tr. 19.

In step two, the Commissioner will find the claimant not disabled if the Commissioner determines that the claimant has no "medically severe impairment or combination of impairments." Yuckert, 482 U.S. at 140-41; 20 C.F.R. § 416.920(c). At step two, the ALJ found that Plaintiff had the following severe impairments: personality disorder, depressive disorder, obesity, arthralgias, myalgias, and diabetes mellitus which began in July 2003. Tr. 25.

In step three, the Commissioner will presume conclusively that the claimant is disabled if the Commissioner determines that the claimant's impairments meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." Yuckert, 482 U.S. at 140-41; 20 C.F.R. § 416.920(d). The criteria for these listed impairments are enumerated in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments). At step three, the ALJ found that Plaintiff's impairments did not meet or equal a listed impairment. Tr. 25.

If the adjudication proceeds beyond step three, the Commissioner must assess the claimant's residual functional capacity (RFC). The claimant's RFC is an assessment of the sustained work-related activities the claimant can still do on a regular and continuing basis, despite the limitations imposed by her impairments. 20 C.F.R. § 416.945(a); Social Security Ruling (SSR) 96-8p. The ALJ found that Plaintiff had the residual functional capacity to perform light work that did not require climbing ladders or ropes, no more than occasional climbing of stairs or ramps; avoided cold temperatures, wetness and humidity, and that accommodated a moderate limitation in dealing with the general public, setting realistic goals, and working with

others. Tr. 31.

In step four, the Commissioner will find the claimant not disabled if the Commissioner determines that the claimant retains the RFC to perform work she has done in the past. 20 C.F.R. § 416.920(e). At step four, the ALJ found that Plaintiff could perform her past relevant work as an electronics assembler and a file clerk. Tr. 32.

If the adjudication reaches step five, then the Commissioner must determine whether the claimant can perform other work that exists in the national economy. Yuckert, 482 U.S. at 141-42; 20 C.F.R. §§ 416.920(e), (f). Here the burden shifts to the Commissioner to show that a significant number of jobs exist in the national economy that the claimant can do. Yuckert, 482 U.S. at 141-42; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999). If the Commissioner meets this burden, then the claimant is not disabled. 20 C.F.R. § 416.966. In the alternative, the ALJ found, at step five, that Plaintiff could perform work existing in significant numbers in the national economy including the positions of bindery worker, "solderer", and laundry worker/sorter. Tr. 32.

## **DISCUSSION**

Plaintiff contends the ALJ erred: 1) at step two by failing to find her schizoaffective disorder severe; 2) in rejecting the opinions of Plaintiff's treating nurse practitioner and treating therapists; 3) in his consideration of Dr. Cogburn's GFA assessment; and 4) in assessing Plaintiff's credibility.

5 - FINDINGS AND RECOMMENDATION

I.      **The ALJ properly evaluated Plaintiff's testimony.**

The ALJ found Plaintiff's subjective complaints regarding the nature and extent of her functional restrictions were exaggerated and not at all credible. Tr. 26-30. Plaintiff contends that the ALJ did not provide clear and convincing reasons for rejecting her testimony.

In determining the credibility of a claimant's statements, the ALJ is required to consider the entire record. SSR 96-7p. The ALJ may find a claimant not entirely credible, but a general assertion that a claimant is not credible is insufficient. The ALJ must give specific reasons, supported by substantial evidence, indicating that the ALJ has not arbitrarily discredited a claimant's testimony. See Thomas v. Barnhart, 278 F. 3d 947, 958-59 (9th Cir. 2002).

In assessing a claimant's credibility, the ALJ may consider:  (1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; (3) the claimant's daily activities; (4) the objective medical evidence; (5) the location, duration, frequency, and intensity of symptoms; (6) precipitating and aggravating factors; (7) the type, dosage, effectiveness, and side effects of any medication; and (8) treatment other than medication. See Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996).

The ability to perform household chores may indicate light work ability. Orteza v. Shalala, 50 F.3d 748, 750 (9th Cir. 1995); See also Curry v. Sullivan, 925 F.2d 1127, 1130 (9th Cir. 1995). On the other hand, "a disability claimant need not vegetate in a dark room in order to be deemed eligible for benefits..." Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989). Nevertheless, if the claimant's level of activity is inconsistent with her claimed limitations, her activities do have a

6 - FINDINGS AND RECOMMENDATION

bearing on her credibility. Id.

The ALJ may properly rely on a claimant's past inconsistent statements in making a credibility determination. See Smolen, 80 F.3d at 1284; Fair, 885 F.2d 603. The ALJ may consider a claimant's tendency to exaggerate as well as a claimant's reputation for truthfulness. Tonapetyan v. Halter, 242 F.3d 1144, 1148 (9th Cir. 2001); Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002).

The ALJ found that Plaintiff's complaints of diffuse arthralgias and myalgias were not supported by objective medical evidence. Tr. 26. The ALJ also noted that Plaintiff had self-diagnosed carpal tunnel syndrome and fibromyalgia which were not supported by the medical evidence. Tr. 26. The ALJ rejected Plaintiff's contentions of joint swelling finding that this symptom had not been physically present at any of her examinations. Tr. 26. The ALJ pointed out that she has claimed a diagnoses of fibromyalgia to several providers. Tr. 26. The ALJ also pointed out that Plaintiff claimed she had chronic fatigue syndrome, but that this was not supported by a medical examination. Tr. 26. The ALJ found that no treating or examining physician has assessed any physical restrictions or endorsed a finding of physical disability. Tr. 26. The ALJ discussed plaintiff's interferon treatment and found that the medical records did not support that she was disabled during her treatment. Tr. 26.

The ALJ rejected the Plaintiff's claim that she could only stand 2-3 minutes as unsupported by the record. Tr. 26. He also found no medical basis for any limitations on sitting. The ALJ pointed out that Plaintiff was able to travel to Georgia and drive two more hours after her flight, and during the visit she visited a museum. Tr. 26-27. The ALJ pointed out that she had reported to Mr. Dingledein that she walked her dog on a daily basis and was riding her bicycle frequently.

7 - FINDINGS AND RECOMMENDATION

The ALJ found that her allegations regarding visiting her mother, walking her dog, and her grocery shopping were not supported by medical evidence and were personal choices on her part. The ALJ found no supporting diagnosis or rationale for Dr. Storniolo signing the Plaintiff's application for a disabled parking permit, and that his conclusion was inconsistent with his own chart notes. Tr. 27.

The ALJ found that Plaintiff had self-diagnosed post-traumatic stress disorder, and there is no indication in the record that this was ever diagnosed prior to her self-reporting. The ALJ pointed out that Dr. Cogburn did not assess this diagnosis. The ALJ pointed out that the incidents which formed the basis for the diagnosis were also either denied or not reported in the past. Tr. 27.

The ALJ rejected the diagnosis of schizophrenia as it was based on plaintiff's subjective complaints of psychotic symptoms which the ALJ found not credible. The ALJ found numerous inconsistencies in Plaintiff's reporting during the six week period after Dr. Cogburn's report and the commencement of her mental health treatment at Linn County Mental Health, including: on June 26, 2002, Plaintiff denied any experiences of hallucinations or delusions to Dr. Cogburn, then in August she reported both auditory and visual hallucinations as well as paranoia to Linn County Mental Health, which resulted in a diagnosis of schizophrenia; Plaintiff told Mr. Dingledein she frequently had suicidal ideation and had made suicide attempts, but with Dr. Cogburn she denied suicidal ideation and denied any past suicide attempts; Plaintiff denied any childhood abuse to Dr. Cogburn, but she told Mr. Dingledein she had been sexually molested as a child and had been raped several times.; in October 2002, Plaintiff reported to Mr. Dingledein that her appetite had dropped to very minimal, but primary care records showed she was upset

8 - FINDINGS AND RECOMMENDATION

about gaining weight; Plaintiff was very evasive with Mr. Dingledein, and Linn County Mental Health's testing results indicated that Plaintiff was exaggerating her symptoms, and that she was attempting to present herself as having a serious psychological condition. The ALJ noted that Mr. Dingledein, based on his chart notes, accepted Plaintiff's subjective complaints at face value, but the ALJ did not. Tr. 27-28.

The ALJ addressed Plaintiff's claims of extreme difficulties and conflicts with social interactions. The ALJ found that Plaintiff told Dr. Cogburn that she was on friendly terms with her neighbors, but she did not see her friends because it was too much effort. Plaintiff did go out with her friends on New Year's Eve. The ALJ noted she did not have any difficulties interacting with her health care providers and none of those providers, except Linn County Mental Health, observed psychotic symptoms. The ALJ observed that Plaintiff lived close to her mother, and that she assisted her on a daily basis. Dr. Cogburn noted that Plaintiff completed her own activities of daily living independently, and then assisted her mother with completing her mother's activities of daily living. The ALJ found that despite conflicts with her teenage son, Plaintiff flew across the country for his basic training graduation. The ALJ also found that Plaintiff's irritability often seems to be associated with any demands being placed on her. Tr. 28.

The ALJ found that Dr. Cogburn's psychological testing showed a clear underestimate of the Plaintiff's intelligence. Although Plaintiff testified that she attended community college for a year plus a couple of months, the ALJ found that college records showed that Plaintiff attended college for a full 12 quarters, the equivalent of 4 years, and her cumulative grade point average was 3.09, which qualified her for the honors society. The ALJ found that most of Plaintiff's classes were medically related. Tr. 28.

9 - FINDINGS AND RECOMMENDATION

The ALJ found that Plaintiff had been exaggerating her mental symptoms as evidenced by the inconsistencies in the record. The ALJ noted that an MMPI-2 test performed by Linn County Mental Health resulted in an invalid profile and that the profile indicates an exaggeration of symptoms. Tr. 29-30.

The ALJ gave clear and convincing reasons supported by substantial evidence for finding plaintiff not credible as evidenced by his extensive opinion addressing Plaintiff's credibility as to both her physical and psychological symptoms. Tr. 26-30. Andrews, 53 F.3d at 1039-40; Edlund, 253 F.3d at 1156.

## II.    The ALJ properly evaluated conflicting medical evidence.

Plaintiff contends the ALJ erred by: 1) failing to credit the opinion of Plaintiff's treating nurse practitioner; 2) rejecting the opinion of Plaintiff's treating therapists and 3) by rejecting Dr. Cogburn's GAF assessment.

The ALJ is responsible for resolving conflicts and ambiguities in medical evidence. See Batson v. Commissioner of Social Security Administration, 359 F.3d 1190, 1195 (9th Cir. 1999). The ALJ is not bound by a physician's opinion of a claimant's disability or employability, because these are issues reserved to the Commissioner. See 20 C.F.R. § 404.1527(e); SSR 96-5p. The relative weight afforded the opinion of a physician depends upon his or her opportunity to observe and to get to know the patient as an individual. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996). The opinion of a treating physician deserves more weight than that of an examining physician, and a non-examining physician's opinion is given the least relative weight. Id.; See also Smolen, 80 F.3d at 1285.

The ALJ must provide "clear and convincing reasons," supported by substantial evidence in the record, for rejecting the opinion of a claimant's physician when it is not contradicted by another doctor. See Morgan v. Commissioner of Social Security Administration, 169 F.3d 595, 600 (9th Cir. 1999). If a treating physician's opinion is contradicted by another doctor, the Commissioner may reject it by providing "specific and legitimate reasons" supported by substantial evidence in the record. Id. at 600-601.

The ALJ rejected Dr. Cogburn's GFA assessment, finding that it "was not particularly probative given the level of attention and concentration demonstrated, especially in light of the claimant's lack of effort." Tr. 29. Dr. Cogburn's report shows that Plaintiff did not complete the Personality Assessment Inventory, because "it was too much trouble and she did not wish to complete the test", but that Plaintiff performed adequately on tests of attention and concentration during the evaluation. The ALJ properly considered Plaintiff's lack of motivation and effort in rejecting Dr. Cogburn's GAF assessment. See Osenbrock v. Apfel, 240 F.3d 1157, 1165-1166 (9th Cir. 2001). The ALJ gave clear and convincing reasons supported by substantial evidence for rejecting the assessment.

Plaintiff's nurse practitioner Nathan Dingledein and Plaintiff's therapists are not acceptable medical sources, and their testimony is treated as lay witness testimony. See Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996). To reject lay testimony, the ALJ must give reasons that are germane to each witness. Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001).

The ALJ rejected Mr. Dingledein's, Ms. Kelly's, and Ms. Meier's testimony because: Plaintiff reported symptoms to Linn County Mental Health that she had either denied or had not mentioned to Dr. Cogburn six weeks earlier; Plaintiff was evasive regarding details of her

11 - FINDINGS AND RECOMMENDATION

allegations; Mr. Dingledein's chart notes state that Plaintiff was mildly depressed and that he opined that once Plaintiff's social security hearing passed he believed her symptoms would remit; Mr. Dingledein's and Ms. Meir's opinions were based on Plaintiff's subjective reports which were not credible; Plaintiff gave numerous inconsistent reports; there are no counseling notes to support Ms. Kelley's or Ms. Meir's opinions; and Plaintiff's MMPI-2 profile was invalid; Tr. 23-24, 27-30. The ALJ properly rejected this lay witness testimony by giving germane reasons for each witness.

### III. The ALJ did not error by finding Plaintiff's schizoaffective disorder was not a severe impairment

At step two, the ALJ found that plaintiff had the following severe impairments: personality disorder, depressive disorder, obesity, arthralgias, myalgias, and diabetes mellitus which began in July 2003. Tr. 25. However, the ALJ did not find sufficient evidence to establish that Plaintiff suffers from schizoaffective disorder. Tr. 27. Plaintiff contends the ALJ erred by failing to find that Plaintiff suffers from schizoaffective disorder.

The claimant bears the burden of proving that her impairment is severe. See 42 U.S.C. § 1382(a)(3)(A); 20 C.F.R. § 416.912; See also Gallant v. Heckler, 745 F.2d 1450, 1452 (9th Cir. 1984). To meet this burden, the Plaintiff must present "evidence from an acceptable medical sources to establish whether you have a medically determinable impairment(s)" 20 C.F.R. § 416.913(a). Plaintiff's nurse practitioner Nathan Dingledein was not an acceptable medical source. Id. He was not competent to provide a medical diagnosis. See Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996). Therefore, the ALJ properly found there was no evidence to support a diagnosis of schizoaffective disorder.

## IV. Evidence submitted after the ALJ's decision does not warrant remand.

Plaintiff relies on statements from psychologist Douglas Smyth, Ph.D., to support a diagnosis of schizoaffective disorder. Tr. 10, 508-513. This evidence was not before the ALJ at the time of his decision.

New evidence should be reviewed for the purpose of determining whether it would change the outcome of the ALJ's determination, upon remand. See Burton v. Heckler, 724 F.2d 1415, 1417 (9th Cir. 1984). In addition, to justify remand, the new evidence must be new and not cumulative, it must be material, and there must be good cause for Plaintiff's failure to present the evidence earlier. See Mayes v. Massanari, 276 F.3d 453, 462-463 (9th Cir. 2001).

The court finds that Dr. Smyth's opinion is cumulative as it is based on the same exaggerations and inconsistent self-reports provided to other mental health care providers. Tr. 28, 195, 197, 407, 409, 509, 51-512. The court finds that remanding for consideration of Dr. Smyth's report, which is based on Plaintiff's self-reports the ALJ already found not credible, would not change the outcome. In addition, the Plaintiff has not shown good cause for her failure to present this evidence to the ALJ.

## RECOMMENDATION

Based on the foregoing, the Commissioner's final decision should be affirmed and a judgment entered dismissing this case.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The

parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have ten (10) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to <u>de</u> <u>novo</u> consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

DATED this    23    day of August, 2005.

_____/s/_____
John P. Cooney
United States Magistrate Judge